IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETHEYLN ROSS, Individually and as Mother and Independent Administrator of the Estate of DIAMOND ROSS, deceased,  *Plaintiff*,  v.  CITY OF DALLAS et al.,  *Defendants.* | § § § § § § § § § § § § § | Civil Action No. 3:20-CV-1690-E |

**CITY DEPARTMENTS' MOTION TO DISMISS, AND BRIEF IN SUPPORT**

TO THE HONORABLE COURT:

Defendants Dallas Police Department, Dallas Fire-Rescue Department, and the Dallas City Marshal's Office ("City Departments"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss all claims alleged against them in the Plaintiff's Amended Original Complaint, filed on July 18, 2020 (ECF No. 3) (the "Complaint").

## I. BACKGROUND

On June 25, 2020, Ethelyn Ross filed a civil rights action against the City of Dallas ("City"), two Dallas police officers, the City Departments, and unidentified John and Jane Does, alleging claims arising out of the death of her daughter, Diamond Ross ("Diamond"), following Diamond's arrest on August 18, 2018. (Dkt. No. 1.) On July 18, 2020, the Plaintiff filed her amended complaint. (Dkt. No. 3.) On September 18, 2020, the City and the individual officers filed their answer to Plaintiff's Complaint. The City Departments now move to dismiss the Plaintiffs' claims against them because they are not separate jural entities, and, therefore, lack the

capacity to be sued.[1]

## II.   ARGUMENT & AUTHORITIES REQUIRING DISMISSAL

### A.   Legal Standard

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). The allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, conclusory allegations and legal conclusions couched as factual allegations are not to be accorded a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (emphasizing that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) ("Although we must accept as true the well-pleaded allegations of a complaint [. . .], we do not accept as true conclusory allegations in the complaint"); *see also, Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (legal conclusions masquerading as factual

---

[1] On July 30, 2020, the City and Plaintiff, through their respective counsel, agreed that the City would accept Plaintiff's Complaint without service of a summons in exchange for an extended time to respond to the Plaintiff's complaint. Counsel for the City Departments also requested that Plaintiff's counsel consider dismissing Plaintiff's claims against the City Departments under Rule 41 because they are non-jural entities lacking the capacity to be sued. Because Plaintiff has yet to voluntarily dismiss her claims against them, the City Departments find it necessary to file this motion.

assertions are insufficient to prevent dismissal for failure to state a claim). While the complaint need not contain "detailed factual allegations," the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Therefore, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Furthermore, the alleged facts must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). Thus, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). If a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (internal quotation marks and citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (applying Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing the pleader is entitled to relief[]")).

**B.     Plaintiff's Claims Against the City Departments Must Be Dismissed Because They Lack the Legal Capacity to Be Sued.**

Under Rule 17 of the Federal Rules of Civil Procedure, a party must have the "capacity to sue or be sued." Fed. R. Civ. P. 17(b). Whether an entity has the capacity to sue or be sued is

determined by the law of the state in which the district court is located. Fed. R. Civ. P. 17(b)(3); *see also Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991). For a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. *See Darby*, 939 F.2d at 313. "Unless the political entity that created the department has taken 'explicit steps to grant the servient agency with jural authority,' the department lacks the capacity to sue or to be sued." *Crull v. City of New Braunfels*, 267 F. App'x 338, 341 (5th Cir. 2008) (quoting *Darby*, 939 F.2d at 313).

Here, the Plaintiff sue the Dallas Police Department, the Dallas-Fire Rescue Department, and the Dallas Marshal's Office, three separate departments of the City that do not enjoy a separate legal existence. The City is a home rule municipality, and the Dallas City Charter grants the power to sue and be sued to the City but does not grant the same power to City departments. *See* Dallas City Charter, ch. II sec. 1(2). Therefore, the City's departments are not separate legal entities apart from the City. Because the Dallas City Charter does not give City departments the power to sue or be sued, they have no legal existence and Plaintiff may not pursue her claims against the City Departments in this case. *See Darby,* 939 F.2d at 313 (5th Cir. 1991) (dismissing under Rule 12(b)(6) a claim against a municipal police department for failure to state a claim because the police department was a non-jural entity); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) (same); *Vardas v. City of Dallas*, 54 F. App'x 592, at *1 (5th Cir. 2002) (affirming the dismissal of the Dallas Police Department Property Room as non-jury entity, citing *Darby*).

This Court routinely dismisses section 1983 claims made against a department of the City on this basis. *See*, *e.g.*, *Johnson v. Dallas City Police Dep't*, No. 3:04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (the Dallas Police Department is not a proper defendant with jural existence, citing *Darby*);

*Mugweni v. Wachovia, Inc.*, No. 3:08-CV-1524-G (N.D. Tex. Jan. 5, 2009) (same); *Youl Suh v. Dallas Police Dep't*, No. 3:06-CV-2115-L, 2006 WL 3831235 at *2 (N.D. Tex. Dec. 29, 2006), *appeal dism'd*, No. 08-10233 (5th Cir. April 30, 2008) (recognizing that the Dallas Police Department is a non-jural entity and is not subject to suit).

For these reasons, the Plaintiffs have failed to state a claim against the City Departments upon which relief can be granted, and the Court should grant their motion pursuant to Rule 12(b)(6).

>Respectfully submitted,
>
>CITY ATTORNEY OF THE CITY OF DALLAS
>
>Christopher J. Caso
>City Attorney
>
>s/ *Tatia R. Wilson*
>Tatia R. Wilson
>Executive Assistant City Attorney
>Texas State Bar No. 00795793
>tatia.wilson@dallascityhall.com
>
>7DN Dallas City Hall
>1500 Marilla Street
>Dallas, Texas 75201
>Telephone: 214-670-3519
>Telecopier: 214-670-0622
>
>*Attorneys for Defendants City of Dallas,*
>*Larry Moody, and William Ortega*

## CERTIFICATE OF SERVICE

      I certify that on September 18, 2020, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court.  The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      s/ *Tatia R. Wilson*
      Tatia R. Wilson
      Executive Assistant City Attorney