IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETHELYN ROSS, Individually and as Mother and Independent Administrator of the Estate of DIAMOND ROSS, deceased, | § § § § | |
| | § | Civil Action No. 3:20-cv-01690-E |
| Plaintiff, | § § | (Consolidated with 3:20-cv-2095-E) |
| v. | § § | |
| CITY OF DALLAS, et al., | § § § | |
| Defendants. | § | |

### DEFENDANTS LARRY MOODY AND WILLIAM ORTEGA'S
### MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE COURT:

Defendants Senior Corporal Larry Moody and Officer William Ortega (collectively, "the Officers"), pursuant to Rule 56 of Civil Procedure and Local Civil Rule LR 56.3, file this motion for summary judgment based upon qualified immunity as to all claims alleged against them by Plaintiffs Ethelyn Ross and Clarence McNickles.[1] The Officers separately file their supporting brief (ECF No. 24) and appendix (ECF No. 25) in accordance with Local Civil Rules LR 56.5 and LR 56.6.

#### I.   SUMMARY OF CLAIMS AND DEFENSES

.Plaintiff Ethelyn Ross asserts four claims against the Officers: a 42 U.S.C. § 1983 claim alleging that the Officers denied medical care to Diamond Ross in violation of her constitutional rights; a state-law willful-and-wanton survival action pursuant to Texas Civil Practices and

---

[1] This case was consolidated with *McNickles v. City of Dallas, et.al*, No. 3:20-cv-02095-E on January 20, 2021

Remedies Code § 71.021; a state-law willful-and-wanton wrongful death action pursuant to Texas Civil Practices and Remedies Code §§ 71.002-004; and a negligence claim pursuant to Texas Civil Practices and Remedies Code §§ 71.002-004 and § 71.021. Plaintiff Ross also brings three claims against Defendants City of Dallas: a state-law negligence claim; a 42 U.S.C. § 1983 claim alleging that Diamond Ross's constitutional rights were violated by the City of Dallas's unconstitutional policies, practices and procedures, as well as by its failure to train and supervise its employees; and a claim alleging that the City of Dallas violated Title II of the Americans With Disabilities Act (42 U.S.C. §§ 12131-12134, 12131(2), and 12182); and a claim alleging that the City of Dallas violated Section 50 of the Rehabilitation Act (29 U.S.C. §794).

Plaintiff Clarence McNickles asserts a 42 U.S.C. § 1983 claim against the Officers alleging that they denied medical care to Diamond Ross in violation of her constitutional rights. He brings four claims against the City of Dallas: a 42 U.S.C. § 1983 claim alleging that Diamond Ross's constitutional rights were violated by the City of Dallas's unconstitutional policies, practices and procedures, as well as by its failure to train and supervise its employees; and a claim alleging that the City of Dallas violated Title II of the Americans With Disabilities Act (42 U.S.C. §§ 12131-12134, 12131(2), and 12182); and a claim alleging that the City of Dallas violated Section 50 of the Rehabilitation Act (29 U.S.C. §794).

In this motion, the Officers seek summary judgment on all claims against them. The Officers assert the affirmative defense of qualified immunity in response to the 42 U.S.C. § 1983 claims against them. Per Local Civil Rule LR 56.3 ("Content of Motion"), the elements of each claim or defense as to which the Officers seek summary judgment are set forth in their supporting brief (ECF No. 24).

---

(ECF. No 17.)

## IV. RELEVANT PROCEDURAL HISTORY

This case arises from the August 2018 death of Diamond Ross, who died due to the toxic effects of phencyclidine ("PCP") following her arrest by the Officers. Ms. Ross's mother Ethelyn Ross ("Plaintiff Ross") filed this lawsuit on June 25, 2020 (ECF No. 1). On August 6, 2020, Diamond Ross's putative father, Clarence McNickles ("Plaintiff McNickles"), filed his Original Complaint in *McNickles v. City of Dallas et al.*, No. 3:20-cv-02095-E. (ECF No. 1) Plaintiff Ross filed Plaintiff's Amended Original Complaint on July 18, 2020. (ECF No. 3) On January 15, 2021, Plaintiff Ross filed her Second Amended Complaint. (ECF No. 15) On January 20, 2021, this Court consolidated the *Ross* and *McNickles* actions into this lawsuit. (ECF. No 17)

On December 15, 2020, the Court stayed all discovery in the lawsuit except for discovery limited to the Officers' qualified immunity defenses. (ECF. No. 10)

The active pleadings are Plaintiff Ross's Second Amended Complaint (ECF No. 15) and Plaintiff McNickles's Original Complaint (ECF No. 1). The Court set a February 26, 2021 deadline (ECF No. 10) for dispositive motions on the defense of qualified immunity, and extended that deadline on the Defendants' motions to March 12, 2021 (ECF Nos. 20, 22). This case is not currently set for trial.

## V. SUMMARY OF UNDISPUTED FACTS

Pursuant to Local Rule LR 56.3(b), the Officers' summary of undisputed facts is included in their supporting brief (ECF No. 24).

## VI. PRAYER FOR RELIEF

WHEREFORE, Defendants Larry Moody and William Ortega respectfully request that the Court grant their motion for summary judgment based on qualified immunity; dismiss with prejudice all of Plaintiffs' claims against them; enter judgment in their favor on all claims; and grant them all other relief that is consistent with this motion.

Respectfully submitted,

CITY ATTORNEY OF THE CITY OF DALLAS

Christopher J. Caso
City Attorney

s/ *Lindsay Wilson Gowin*
Senior Assistant City Attorney
Texas State Bar No.
lindsay.gowin@dallascityhall.com

Devin Q. Alexander
Senior Assistant City Attorney
Texas State Bar No. 24104554
devin.alexander@dallascityhall.com

J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallascityhall.com

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-3519
Facsimile:   214-670-0622

*Attorneys for Defendants Ortega and Moody*

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send notification to case participants registered for electronic notice. I further certify that to the extent applicable I have served all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ <i>Lindsay Wilson Gowin</i><br>
Senior Assistant City Attorney